United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 15, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-20559

_____

POROUS MEDIA LTD.,

      Plaintiff - Counter Defendant - Appellant-Cross-Appellee,

versus

PERRY EQUIPMENT CORPORATION,

      Defendant - Counter Claimant - Appellee-Cross-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas, Houston
USDC No. H-98-CV-3445

_____

Before JOLLY, DUHÉ and STEWART, Circuit Judges.

PER CURIAM:[*]

      For the following reasons we affirm the judgment of the district court:

      First, this Lanham Act case is an appeal from a jury verdict that found against the plaintiff, Porous Media. Porous Media had sought monetary damages, contending that the defendant, Perry Equipment Corporation, made literally false statements about its product. The issues presented in this case were classic issues for a jury to decide and, in this case, the jury decided against the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

plaintiff.  The evidence is plainly sufficient to sustain the jury verdict.

Second, we conclude that the court committed no reversible error in its instructions or in the verdict form.  Neither the theory of the case nor the evidence presented required a "tendency to deceive" instruction, nor is Porous Media entitled to an instruction that would allow the jury to presume injury.

Third, we cannot say that the district court abused its discretion in refusing to admit the rebuttal evidence in the form of a videotaped test performed by Porous Media purporting to use Perry Equipment's own test conditions.

In sum, a jury has spoken and the record is free of any reversible procedural or other errors.  Consequently, the judgment of the district court dismissing the complaint, as well as the counterclaims in this case, is

AFFIRMED.